IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT SHEEKS,<br><br>   Plaintiff,<br><br>vs.<br><br><br>CNH INDUSTRIAL LLC,<br><br>   Defendant. | 8:21CV28<br><br>ORDER REGARDING CIVIL JURY TRIAL DEADLINES AND PRACTICES |

  This case is before the Court in anticipation of the jury trial scheduled to begin on Tuesday, August 9, 2022. The following deadlines and practices will apply to this trial.

## I. PRETRIAL DEADLINES

### A. Pretrial Motions

  **Motions to continue trial** are referred to the magistrate judge assigned to the case for decision. Any motion to continue trial shall be filed with the Clerk of the Court, together with a supporting affidavit, as soon as is practicable. The moving party shall send a proposed order to the presiding Magistrate Judge.

  **Motions in limine and motions seeking pretrial evidentiary hearings** shall be filed no later than twenty-eight (28) days before trial. These deadline supersedes the deadlines set out in the Amended Trial Setting Order. Filing 40. Opposition briefs must be filed no later than fourteen (14) days after the motion is filed. Reply briefs ordinarily are not required, but a party may file a reply no later than three (3) days after the opposition is filed. Please notify the undersigned's chambers immediately of any pretrial motion requiring an evidentiary hearing. Motions in limine

regarding objections to deposition testimony to be presented to the jury shall be filed no later than seven (7) days before trial, as outlined in part I(D) below.

### B. Jury Instructions

The Court reads to the jury a standard set of preliminary jury instructions after voir dire and before opening statements. Final substantive jury instructions are given before closing arguments.

**Final Jury Instructions:** No later than twenty-eight (28) days before trial, counsel for the parties are required to meet and confer (without Court involvement) to formulate to the extent possible a complete set of joint proposed instructions. No later than twenty-one (21) days before trial, each party shall file and email Word versions of the following to chambers: (1) a joint set of proposed instructions that all parties agree may be given to the jury; (2) a joint proposed verdict form; and if necessary, (3) a set of proposed jury instructions from each party addressing any issues about which the parties were unable to agree.

Any proposed instructions submitted to the Court should be jury-ready instructions that are carefully tailored to the facts of the particular case, not abstract propositions of law. When possible, proposed instructions should be based upon the Eighth Circuit Model Civil Jury Instructions, the Nebraska Civil Jury Instructions, or other applicable pattern jury instructions. All proposed jury instructions must include citations to the requisite authority. Submission of proposed jury instructions must comply with NECivR 51.1 except as modified by this Order.

The Court will provide a preliminary set of jury instructions to the parties at the beginning of the trial. The Court will conduct one or more jury instruction conferences during trial to finalize jury instructions.

### C. Exhibit and Exhibit Lists

Except as modified by this order, NECivR 39.3 applies to Exhibits and Exhibit Lists.

**Exhibits:** Two copies of trial exhibits shall be delivered to the Court in binders and electronically no later than fourteen (14) days before the trial.

**Exhibit Lists:** No later than fourteen (14) days before trial, each party shall email an exhibit list in Word version to chambers. If the exhibit list was not incorporated into the final pretrial order, the exhibit list must also be filed with the Clerk of Court no later than fourteen (14) days before trial.

### D. Use of Depositions

No later than twenty-eight (28) days before trial, Plaintiff shall designate testimony from any deposition the Plaintiff wishes to present to the jury at trial and present such designated testimony to Defendant. No later than twenty-one (21) days before trial, the Defendant shall counter-designate any testimony from the depositions Plaintiff wishes to provide to the jury and designate any testimony from any additional depositions that Defendant wishes to use at trial. Defendant shall also at that time present Plaintiff any objections to Plaintiff's designated testimony. No later than fourteen (14) days before trial, Plaintiff shall counter-designate any deposition testimony in response to any designation made by Defendants, and present to Plaintiff any objections to Defendant's designated testimony. No later than seven (7) days before trial, the parties shall file a color copy of relevant excerpts of each deposition with designated testimony with Plaintiff's designated or counter-designated testimony highlighted in yellow and Defendant's counter-designated testimony highlighted in green. Objections by Plaintiff or Defendant shall be typed in the margin of the deposition. The party seeking to use a deposition shall also submit a list or index of all unresolved objections to the court in a motion in limine filed with the Clerk of the Court no later than seven (7) days before trial as required by NECivR 30.1(f). The

list or index in the motion in limine shall refer to unresolved objections by line and page of the filed highlighted excerpts of the deposition transcripts. At the time the testimony and any objections are presented to the Court, the parties shall further certify that they have met and conferred to resolve any deposition objections as required by NECivR 30.1(e). *See* NECivR 30.1 and 32.1. After the court rules on the unresolved objections, the party seeking to use any video of any designated deposition must then edit the video as required by NECivR 32.1.

Generally, deposition testimony will not be allowed to be presented to the jury for witnesses who will testify live at trial except for purposes of impeachment. Thus, deposition testimony for live trial witnesses should not be presented to the Court for ruling on objections.

    **E.**  **Witnesses and Witness Lists**

**Witness Lists:** No later than seven (7) days before trial, each party shall email a witness list in Word version to chambers. If the witness list was not incorporated into the final pretrial order, the witness list must also be filed with the Clerk of Court no later than seven (7) days before trial. *See* NECivR 16.2(a)(2)(D).

Each party's witness list shall include the full name and address for each such witness. Witnesses who do not appear to testify when scheduled will be considered withdrawn.

**Expert Witnesses:** No later than seven (7) days before trial, the proponent of an expert witness must deliver to chambers a paper copy of Fed. R. Civ. P. 26(a)(2) disclosures for each expert witness identified in the Pretrial Order. Any expert whose Rule 26 disclosure is not received by the Court within seven (7) days before trial, or earlier if requested by the Court, will be considered withdrawn.

    **F.**  **Interrogatories and Requests for Admissions**

No later than seven (7) days before trial, a party seeking to use interrogatories or requests for admission shall email a Word copy of the interrogatories or requests for admission to chambers at Buescher@ned.uscourts.gov. The party seeking to use the interrogatories or requests for admission shall also submit a list or index of unresolved objections to the court in a motion filed with the Clerk of the Court no later than seven (7) days before trial. The list or index of objections must identify the location of the objection by page and line as well as the precise nature of the objection. These requirements apply to answers to interrogatories and requests for admission including matters deemed admitted because unanswered. *See* Fed. R. Civ. P. 36(a).

### G. Trial Briefs

Trial Briefs must be filed no later than seven (7) days before trial and comply with NECivR 39.2.

### H. Interpreters

A party requiring an interpreter shall notify the courtroom deputy by email at tracy_mckibben@ned.uscourts.gov or by phone at (402) 661-7351 no later than seven (7) days before trial.

## II. TRIAL PRACTICES

### A. Trial Schedule

**Pretrial Conference:** The Court will hold a final pretrial conference in Courtroom #5 at 8:30 a.m. on the first day of trial. Jury selection will begin at 9:00 a.m.

**Trial Hours:** Trial hours will usually be from 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to 4:30 p.m. with fifteen (15) minute breaks during the morning and afternoon.

B.   **Jurors**

**Number of Jurors:** The Court will seat eight (8) jurors. In the event one or more jurors are unable to complete the trial, the Court will proceed with the trial so long as at least six jurors remain. *See* NECivR 48.1..

**Jury Selection:** The Court will conduct a limited examination of the jury panel. *See* NECivR 47.1(a). Generally, counsel also receive twenty (20) minutes per party to conduct voir dire. The Courtroom Deputy will monitor time and will provide notice of the expiration of such time and, if requested, will provide notice when five (5) minutes remain.

**Juror Note Taking/Juror Questions:** Judge Buescher allows jurors to take notes. Judge Buescher does not permit jurors to ask or submit questions during trial.

C.   **Courtroom Practices**

**Placement of Counsel at Counsel Tables:** Plaintiff's counsel shall utilize the tables closest to the jury box and the defendant's counsel shall utilize the tables farthest from the jury box.

**Questioning:** Counsel should generally question from the podium unless the Court otherwise directs. Counsel should always refer to and address witnesses and parties by their surnames absent prior permission from the Court.

**Table Microphone:** Microphones are placed on each podium, and table microphones are placed on each counsel table. The microphones should be pulled directly in front of and approximately six inches away from counsel. Use these microphones for questioning and making objections. Note that the microphones can be muted for client conferences by pushing the button on the base of the microphone.

**Courtroom Audio:** Be aware that when you speak in the courtroom during trial *and during breaks* it is broadcast to Judge Buescher's chambers.

### D. Opening Statements and Closings Arguments

**Opening Statements:** Generally, each party is allotted up to thirty (30) minutes for opening statements. The Courtroom Deputy will monitor time and will provide notice of the expiration of such time and, if requested, will provide notice when five (5) minutes remain.

**Closing Arguments:** Generally, counsel will receive thirty (30) minutes a party for closing argument. Plaintiff may reserve up to fifteen (15) minutes for rebuttal, but it must be true rebuttal and should not raise new issues or points of argument not addressed in plaintiff's first argument. The Courtroom Deputy will monitor time and will provide notice of the expiration of such time, and if requested, can provide notice when five (5) minutes remain.

### E. Evidence and Objections

**Evidence Presentation:** Unless good cause exists, counsel shall use the courtroom multimedia systems, including the video presenter and their own laptops, for displaying exhibits on the jury monitors. Counsel should become familiar with the equipment prior to trial by contacting the Courtroom Deputy for training. Exhibits may not be published to the jury without the consent of the Court. The Courtroom Deputy will generally control any electronic publishing of exhibits to the jury from the bench, upon Judge Buescher's instruction.

**Objections:** The Court does not allow speaking objections. For objections based upon lack of foundation, objecting counsel should state what foundation is lacking. If counsel desires a bench conference, state the request and allow time for the court reporter to set up her equipment at sidebar. Bench conferences should be kept to a minimum.

**No Recross Examination:** The Court will not normally permit recross examination. Cross examination should be limited to the scope of the direct examination, and redirect examination limited to the scope of the cross examination.

### F. Jury Matters After Submission of the Case

Counsel shall be available for return to the courtroom on short notice, until after the jury has returned its verdict. Counsel shall keep the Courtroom Deputy advised of where they can be reached at all times. Jury questions will normally be taken up on the record in the courtroom with counsel and the parties present.

### G. Settlement

If the parties reach a settlement, it is the responsibility of counsel for all parties to immediately notify the courtroom deputy by email at tracy_mckibben@ned.uscourts.gov or by phone at (402) 661-7351. If the Court is not open for business, counsel shall immediately inform the courtroom deputy by phone at (402) 661-7351.

IT IS SO ORDERED.

Dated this 9th day of June, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge